Richard E. HOLLOWAY, Plaintiff,

v.

INDUSTRIAL COMMISSION OF the STATE OF UTAH, Richard E. Holloway Trucking [Employer], and the State Insurance Fund [Insurance carrier for the Employer], Defendants.

No. 20621.

Supreme Court of Utah.

Nov. 21, 1986.

Virginius Dabney, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., James R. Black, Mary A. Rudolph, Salt Lake City, for defendants.

STEWART, Justice:

Plaintiff Richard E. Holloway is a self-employed truck driver. On July 11, 1984, after driving for about six hours, he stopped at a rest stop. He claims that he slipped while walking across an oil spill on his way to the restroom and that the slip caused him to jerk to regain his balance. After returning from the restroom, Holloway bent over to inspect one of his truck tires. While crouching, he experienced an immediate sharp pain in his back which made him fall to the ground, landing on his arms and jaw. His wife, also a truck driver, drove for the rest of the trip. Two days after the incident Holloway consulted a chiropractor in Georgia. He consulted another chiropractor on returning to Salt Lake City. The slip on the oil spill was not mentioned in the reports of the chiropractors who examined Holloway, in the First Report of Injury, or in the claimant's report of how the injury occurred.

The Commission denied review of the administrative law judge's order. The judge ruled that the plaintiff's injury was not the result of an "accident" as that term

---

**32**

is used under the Workmen's Compensation Act.

This case is controlled by *Allen v. Industrial Commission*, 729 P.2d 15 (Utah 1986), which establishes new standards for determining whether an "accident" occurred in internal breakdown cases, such as the instant case. We therefore reverse and remand to the Commission for reconsideration in light of *Allen.*

HALL, C.J., and DURHAM, J., concur.

ZIMMERMAN, Justice (concurring):

I agree that this matter must be reconsidered by the Industrial Commission, since the administrative law judge obviously considered recovery precluded by the "accident" standard set forth in *Sabo's Electronic Service v. Sabo*, 642 P.2d 722 (Utah 1982), and *Billings Computer Corp. v. Tarango*, 674 P.2d 104 (Utah 1983), cases subsequently rejected by this Court's decision in *Allen v. Industrial Commission*, 729 P.2d 15 (Utah 1986). However, I would add a few comments for the benefit of the Commission on remand.

First, from the administrative law judge's findings, it is clear that he considered the injury to be the unexpected result of fatigue and strain incurred in the course of employment. This is enough under *Allen* to support a finding that the injury occurred "by accident."

Second, the administrative law judge's findings also suggest that he considered medical causation to have been established, *i.e.,* there was a physiological causal linkage between the injury and the job activities. Therefore, the only remaining question appears to be whether legal causation has been shown.

Third, with respect to legal causation, the facts indicate that under *Allen,* Holloway would be entitled to recover unless he brought to the job a preexisting condition that contributed to his injuries. If he did have such a preexisting injury, he would have to show that the job-related injuries were the product of "unusual or extraordinary exertion." *Allen v. Industrial Commission*, at 25–26. The record is silent as to whether Holloway had a preexisting condition.

With respect to the focus of this case on remand—whether Holloway had a preexisting condition—I would observe that the preexisting condition of which *Allen* speaks need not be patent; in fact, it need not have been known or knowable to anyone before the injury. The sole question is whether the worker came to the workplace with a condition that increased his risk of injury. If he did and that condition contributed to the injury, then *Allen's* higher standard of legal causation comes into play so as to place that worker on the same footing as one who did not come to work with a preexisting condition. *See id.,* at 25–26. To rule otherwise would create the strong likelihood that a worker who has a preexisting condition and whose virtually inevitable injury simply happens to occur at work will be able to foist the cost of that injury on his employer when the workplace had little to do with causing the injury.

HOWE, J., concurs in the concurring opinion of ZIMMERMAN, J.